IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02069-CNS

AMANMEET SINGH,

    Petitioner,

v.

J. CHOATE, Warden,

    Respondent.

---

**ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Application"), filed *pro se* by Amanmeet Singh ("Applicant") on August 14, 2023 (ECF No. 1). Applicant challenges his detention by United States Immigration and Customs Enforcement ("ICE") officials at an immigration detention center in Aurora, Colorado.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not serve as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Having considered the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application must be denied as moot.

## I. SUMMARY FOR *PRO SE* HABEAS APPLICANT

You filed your Application for a Writ of Habeas Corpus on August 14, 2023, arguing that your continued ICE detention was unlawful because your removal from the United States was not reasonably foreseeable. On November 3, 2023, the Government responded that keeping you in ICE custody was appropriate because, by that time, you were scheduled for deportation to India in five days. On November 8, 2023, you were in fact removed from the United States to India.

For the reasons explained below—in particular, because your release from ICE custody and removal from the United States has already occurred—the Court denies your Application as moot. This Order will discuss the legal authority that supports this conclusion. This Order results in the dismissal of your habeas case without prejudice.

## II. BACKGROUND

At the time of his Application's filing on August 14, 2023, Applicant was detained by ICE at the Aurora Detention Center in Aurora, Colorado. Applicant alleged that while a final order of removal was entered on July 19, 2019, and while he had been detained at the detention facility since February 8, 2023, his removal was not reasonably foreseeable (ECF No. 1 at 2). Applicant therefore challenged his detention in reliance on *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), in which the U.S. Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."

The Court directed the Government to show cause why the Application should not

be granted (ECF No. 9). On November 3, 2023, the Government filed a Response to the Order to Show Cause, arguing that the Application's denial was appropriate because Applicant was then scheduled to be removed to India in five days (*see* ECF No. 19 at 1). As ordered by this Court (*see* ECF No. 21), the Government later filed a Status Report confirming that Applicant had been removed from the United States to India on November 8, 2023 (ECF No. 22).

### III.   LEGAL STANDARD

Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 688. An application for habeas corpus pursuant to § 2241 may only be granted if an applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see* 28 U.S.C. § 2241(c)(1) ("The writ of habeas corpus shall not extend to a prisoner unless [he] is in custody[.]").

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases or controversies. U.S. Const. Art. III, § 2. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Parties must have a "personal stake in the outcome" of the lawsuit at all stages of the case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Consequently, "an actual controversy must be extant at all stages of review, not merely at the time the [action] is filed." *Arizonans for Official English v. Ariz.*, 520 U.S. 43,

67 (1997) (quotations omitted). "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotations omitted); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction.") (citation omitted).

A habeas corpus application is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7. To satisfy the case or controversy requirement, a habeas petitioner must demonstrate that he has suffered, or is threatened with, "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id.* (citation omitted).

Where a habeas applicant has been released from custody, the habeas application must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citation omitted) (holding that the applicant's release from detention under an order of supervision mooted his challenge to the legality of his extended

detention).

## IV.   ANALYSIS

The Application challenged the lawfulness of Applicant's continued ICE detention (*see* ECF No. 1). More specifically, Applicant asserted that his detention violated 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas* because his deportation to India was not reasonably foreseeable (*id.*).

Applicant, however, has not filed anything with the Court contradicting the Government's assertion that he has been deported to India, nor anything indicating that he remains in custody or suffers an ongoing harm that may be redressed by a favorable judicial decision in this action. Thus, it appears that Applicant's recent release from ICE custody and deportation have rendered this case moot.

Moreover, the Court finds that none of the exceptions to the mootness doctrine recognized in *Riley* apply. First, Applicant has not alleged or shown any collateral injury resulting from his former detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting applicant's argument of collateral injury because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention"). Second, Applicant's claim does not appear to be "capable of repetition yet evading review," because any concern that Applicant might be detained again for a prolonged period of time is, at best, speculative. *See McAlpine v. Thompson*, 187 F.3d 1213, 1218 (10th Cir. 1999) (rejecting applicant's "capable of repetition yet evading review" argument as based on improper speculation that a defendant will "break the law

or otherwise violate the conditions of their release"). The possibility of recurrence must be more than theoretical to keep an otherwise moot action alive. *See Murphy v. Hunt*, 455 U.S. 478, 482–83 (1982). Next, the "voluntary cessation" doctrine provides Applicant no recourse because there is no indication that the Government has released Applicant with the intention of later revoking that release, simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)). Finally, the "class action" mootness exception does not apply because this is not a properly certified class action suit. *Riley*, 310 F.3d at 1257.

In light of the foregoing, the Court DENIES the Application as moot.

## V.  CONCLUSION

Consistent with the above analysis, the Court concludes that Applicant's deportation and release from detention and ICE custody moots the Application. As such, the Court ORDERS as follows:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED AS MOOT and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction;

(2) Leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). As such, if Applicant files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED this 26th day of January 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge